J-S08014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.K. | : | |
| | : | |
| Appellant | : | No. 1462 WDA 2019 |

Appeal from the Order Entered August 29, 2019
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  No. FD-13-000236-008

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 27, 2020**

D.K. ("Father") appeals from the order entered on August 29, 2019.  The subject order granted L.W. ("Mother") permission to relocate from Pittsburgh to North Carolina with the parties' four-year-old son, L.K. ("Child"), and modified the parties' child custody arrangement to accommodate the relocation.  We affirm.

As the trial court explained:

> The parties were never married.  They were involved in an on-again off-again relationship beginning in 2010 and were living together when Child was born, separating not long after.  Their relationship was tumultuous and their first custody order evolved out of the settlement of a protection from abuse through a non-PFA consent agreement.

> Mother has always had primary [physical] custody of Child, with Father having approximately 100 overnights per year. Father, however, also exercised custody most weekdays while Mother was working as the parties agreed this was preferable to Child being in daycare.

Mother worked as a dental hygienist and Father is a self-employed personal trainer with flexible hours. Mother has an [11-year-old] daughter from a former relationship; Father has no other children. Both parties have extended family in the Pittsburgh area. . . .

Approximately a year ago, Mother met [S.B.] at a wedding and the two began a relationship. [S.B.] lives in North Carolina where he is a state trooper. The two became engaged to be married and Mother is expecting his child. . . .

[On February 6, 2019,] Mother filed a notice of proposed relocation[, where she requested permission to relocate with Child from Pittsburgh to North Carolina. Father opposed the relocation]. An expedited [two-hour] hearing was held on Mother's petition on June 4, 2019 and [the trial court] permitted [Mother] to relocate by [order] dated June 19, 2019. Mother then moved to North Carolina with Child. Father filed a complaint for custody as well as a motion for reconsideration and a full trial was scheduled. After a [one-and-a-half] day trial and consideration of a post-trial memorandum of law submitted by Father, [the trial court] entered [an order on August 29, 2019,] again granting Mother's request to relocate and setting forth a comprehensive custody schedule for the parties.

Trial Court Opinion, 11/6/19, at 2-3 (footnotes and some capitalization omitted).

Father filed a timely notice of appeal. He numbers 17 issues in his statement of questions involved:

1. Did the trial court commit an abuse of discretion and/or error of law by failing to give proper weight and consideration to [Father's] role in [Child's] life in determining that this factor favors [Mother]?

2. Did the trial court abuse its discretion and/or make an error of law by failing to take into account the contacts [Child] has with his current status, more specifically, the relationships

with all of his extended family in his current area, as opposed to no extended family, except for a sibling, in the proposed relocation state?

3. Did the trial court commit an abuse of discretion and/or error of law by concluding that [Mother's] proposal provides to [Father], feasible opportunity to preserve the relationship between [Father and Child]?

4. Did the trial court abuse its discretion and/or make an error of law by concluding [Father] has attempted to turn [Child] against [Mother's] fiancé that he is regularly and significantly late for exchanges?

5. Did the trial court abuse its discretion and/or make an error of law in determining that [Child's] life would be enhanced by allowing the relocation?

6. Did the trial court abuse its discretion and/or make an error of law by concluding that [Father] has been aggressive in the past?

7. Did the trial court abuse its discretion and/or make an error of law concluding under Factor 4 that [Child] is resilient and very capable of adjusting and that will create stability and continuity in [Child's] life?

8. Did the trial court abuse its discretion and/or make an error of law by concluding under Factor 5 that [Mother], though she has no family in North Carolina, she may be a stay at home mom and be with her children?

9. Did the trial court abuse its discretion and/or make an error of law by concluding under Factor 8 that [Father] has discouraged [Child] from having a relationship with Mother's fiancé?

10. Did the trial court abuse its discretion and/or make an error of law by determining under Factors 9 and 10 that [Father] needs to improve his relationship and behavior toward [Mother] when he is frustrated and not taking into account [Mother's] behavior toward [Father] in providing that these factors favor [Mother]?

11. Did the trial court abuse its discretion and/or make an error of law in determining that the proximity of the parties, under Factor 11, in considering [Mother's] move to North Carolina that the parties will be very far away, without placing emphasis that this would favor a non relocation?

12. Did the trial court abuse its discretion and/or make an error of law under Factor 13, determining that [Father] has initiated much of the conflict between the parties?

13. Did the trial court abuse its discretion and/or make an error of law by failing to take into account that Mother had indicated in her relocation petition that she was seeking employment, however, has changed that position, in that, she had substantial employment in this area?

14. Did the trial court abuse its discretion and/or make an error of law by failing to take into consideration that Mother has had significant relationships over the past several years and had only a one-year relationship with her current fiancé, that she would see on a biweekly basis?

15. Did the trial court abuse its discretion and/or make an error of law by failing to take into account the upcoming educational needs of [Child]?

16. Did the trial court abuse its discretion and/or make an error of law in allowing the relocation prior to the marriage of the parties and significant ownership of property in the North Carolina area?

17. Did the trial court abuse its discretion and/or make an error of law by failing to impartially [apply] all relevant statutory factors to the present case?

Father's Brief at 10-12 (some capitalization omitted).

We have explained:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard

- 4 -

to issues of credibility and weight of the evidence, we must defer to the [trial judge] who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*A.D. v. M.A.B.*, 989 A.2d 32, 35-36 (Pa. Super. 2010) (quotations and citations omitted).

Section 5338 of the Child Custody Act ("the Act") provides that, upon petition, a trial court may modify a custody order if it serves the best interests of the child. 23 Pa.C.S.A. § 5338. Section 5328(a) sets forth the best interest factors that the trial court must consider. *See E.D. v. M.P.*, 33 A.3d 73, 80-81 n.2 (Pa. Super. 2011). Trial courts are required to consider "[a]ll of the factors listed in section 5328(a) . . . when entering a custody order." *J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis omitted).

Section 5328(a) of the Act provides as follows.

### § 5328. Factors to consider when awarding custody

**(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and

- 5 -

which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328.

Where a request for relocation of the subject child along with a parent is involved, the trial court must consider the following ten relocation factors set forth within section 5337(h) of the Act:

(1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.

(2) The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.

(3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.

(4) The child's preference, taking into consideration the age and maturity of the child.

(5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.

(6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8) The reasons and motivation of each party for seeking or opposing the relocation.

(9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10) Any other factor affecting the best interest of the child.

23 Pa.C.S.A. § 5337(h).

"The party proposing the relocation has the burden of establishing that the relocation will serve the best interest of the child as shown under the factors set forth in [Section 5337(h)]." 23 Pa.C.S.A. § 5337(i)(1).

Within Father's brief on appeal, Father challenges the weight the trial court afforded the evidence and contends that the trial court incorrectly weighed the evidence in Mother's favor. Essentially, Father claims that – as to almost every single custody and relocation factor – the trial court should have weighed the evidence so that the factor favored him. *See* Father's Brief at 1-62. However, our role as an appellate court is not to reweigh the evidence. Indeed, as we have explained, we may only review for an abuse of discretion. Further, we have observed:

> we consistently have held that the discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

***Ketterer v. Seifert***, 902 A.2d 533, 540 (Pa. Super. 2006) (quotations, citations, and corrections omitted).

In this case, after reviewing the briefs of the parties, the relevant law, the certified record, the notes of testimony and the opinions of the able trial court judge, the Honorable Cathleen Bubash, we conclude that Father is not entitled to relief and that Judge Bubash's opinions, entered on August 29, 2019 and November 6, 2019, meticulously and accurately dispose of Father's issues on appeal. Therefore, we affirm on the basis of Judge Bubash's thorough opinions and adopt them as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Bubash's August 29, 2019 and November 6, 2019 opinions.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/27/2020</u>